

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

**For Use by Clerk's Office Only**
Payment type: ☐ ck ☐ cg ☐ ca
Chg/Ck Number:
Amount:
Overpayment:
Batch Number:

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Jason Sanders | | MERCER |

| Firm Name (if applicable) | | Docket Number (when available) |
|---|---|---|
| | | |

**Office Address:** P.O. BOX 861, TRENTON, New Jersey 08625-0861

**Document Type:** Complaint
**Jury Demand:** ☐ Yes ☑ No

**Name of Party:** Jason Sanders, Plaintiff
**Caption:** Jason Sanders v. State of New Jersey et. al. (N.J.D.O.C.)

**Case Type Number** (See reverse side for listing): 005/605
**Are sexual abuse claims alleged?** ☐ Yes ☑ No
**Is this a professional malpractice case?** ☐ Yes ☑ No
If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

**Related Cases Pending?** ☐ Yes ☑ No
If "Yes," list docket numbers

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** ☐ Yes ☐ No

**Name of defendant's primary insurance company (if known):** ☐ None ☑ Unknown

---

**The Information Provided on This Form Cannot be Introduced into Evidence.**

**Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation**

**Do parties have a current, past or recurrent relationship?** ☑ Yes ☐ No
If "Yes," is that relationship:
☐ Employer/Employee ☐ Friend/Neighbor ☑ Other (explain) Correctional Officer and Prisoner
☐ Familial ☐ Business

**Does the statute governing this case provide for payment of fees by the losing party?** ☐ Yes ☑ No

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
Plaintiff is exspected to be Released 2022-2023 from New Jersey State Prison.

**Do you or your client need any disability accommodations?** ☐ Yes ☑ No
If yes, please identify the requested accommodation:

**Will an interpreter be needed?** ☐ Yes ☑ No
If yes, for what language?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

**Attorney Signature:** Jason T. Sanders (Pro Se)

RECEIVED

APR 18 2022

AT 8:30 ___ M
WILLIAM T. WALSH
CLERK

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**Jason T. Sanders**

(Enter above the full name of the plaintiff in this action)

V.

State Of New Jersey (N.J.D.O.C.)

R.Williamson, et al.

**Sued in their individual capacities**

(Enter the full name of the defendant of defendants in this action)

COMPLAINT

Civil Action No. _____

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS; READ CAREFULLY

1. This complaint must be legibly handwritten or typewritten, signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question, attach a separate sheet.

2. In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3. You must provide the full name of each defendant or defendants and where they can be found.

4. You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5. Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of $50.00), your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedure.

6. If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7. If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a. Jurisdiction is asserted pursuant to (CHECK ONE)

✓ 42 U.S.C. §1983 (applies to state prisoners)

___ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

28 U.S.C. §1367 State law tort

1b. Indicate whether you are a prisoner or other confined person as follows:

___ Pretrial detainee

___ Civilly-committed detainee

___ Immigration detainee

✓ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

___ Other: (please explain)_____

2. Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a. Parties to previous lawsuit:

   Plaintiff(s): _____

   _____

   Defendant(s): _____

   _____

b. Court and docket number: _____

c. Grounds for dismissal: ( ) frivolous   ( ) malicious

   ( ) failure to state a claim upon which relief may be granted

d. Approximate date of filing lawsuit: _____

e. Approximate date of disposition: _____

   If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3. Place of Present Confinement? _____

4. Parties

   (In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

   a. Name of plaintiff: _Jason Sanders_____

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C.§1331(1) and 1343

2. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C.§1367.

## PARTIES

3. The Plaintiff, Jason Sanders, is incarcerated at New Jersey State Prison during the events described in this complaint.

4. Defendant R. Williamson, is a correctional officer employed at the New Jersey State Prison. He is sued in his individual capacities.

5. Defendant John Doe is a correctional officer employed at the New Jersey State Prison whose name is presently unknown to plaintiff. He is sued in his individual capacity.

6. Defendant John Doe is presently is a Lieutenant in charge of the South Unit at New Jersey State Prison. He is sued in his individual capacity.

7. Defendant John Doe is a Sergeant at the South Unit at the New Jersey State Prison. He is sued in his individual capacity

8. Defendant Bruce Davis is presently the Administrator and is responsible for the insurance of the employees to follow the correct polices of the New Jersey State Prison. He is sued in his individual capacity.

9. Defendant Garyn Nathan is the Assistant Superintendent at New Jersey State Prison and is responsible for reviewing all administrative appeals of disciplinary charges filed by New Jersey State Prison inmates. He is sued in his individual and official capacities.

10. Defendant Kristina Gonalez is the Disciplinary Hearing Officer at New Jersey State Prison, and is responsible for allowing the accused as well as the Substitute Counsel to view the evidence against the plaintiff and to call witnesses if needed, also to provide a adequate written disposition. She is being sued in her individual and official capacities.

08625-

Address: P.O. Box 861 Trenton, N.J.-0861

Inmate#: 857433G / 1193438

b. First defendant:

Name: R. Williamson

Official position: Correctional Officer

Place of employment: New Jersey State Prison

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Assault and Battery which caused great bodily injury and harm to Plaintiff for unprovoked Reason's and while Plaintiff was handcuffed and subdued. 8th Amendment U.S. Constitution violation,

c. Second defendant:

Name: Garyn Nathan

Official position: Assistant Superintendant

Place of employment: New Jersey State Prison

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

The actions of defendant Garyn Nathan in refusing to overturn the plaintiff's disciplinary conviction, despite his knowledge of the above described due process violations, constitute deliberate indifference and further denied the plaintiff the due process of law in violation of defendants Fourteenth Amendment to the U.S. Constitut

d. If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

(ADDITIONAL DEFENDANTS)

THIRD DEFENDANT:

NAME: KRISTINA GONZALEZ

Official position: Hearing Officer

Place of employment: New Jersey State Prison

The actions of defendant Kristina in refusing to allowing the plaintiff and his Substitute Counsel to see the evidence against him, to present his side, and point out various facts within the video that supports Sanders version of events, to know the basis for the disciplinary hearing Officer guilty findings, and leaving inadequate record for review, the above actions constitue deliberate indifference and further denied the plaintiff the due process of law in violationof the Fourteenth Amendment to the United States Constitution.

FOURTH DEFENDANT:

Name: Sergeant Johnson

Official position: Sergeant

Place of employment: New Jersey State Prison

The failure of defendant Johnson actions to take action to curb the the physical abuse of the plaintiff violated the plaintiff's right's under the Eighth Amendment to the United StatesConstitution and constituted an assault and battery under state law.

Fifth Defendant:

Name: John Doe

Official Position: Correctional Lieutenant

Place of Employment: New Jersey State Prison

The failure of defendant John Doe actions to take actions to curb the physical abuse of the plaintiff violated the plaintiff's right's under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

Sixth Defendant:

Name: John Doe

Official Position: Correctional Lieutenant

Place of employment: New Jersey State Prison

The failure of defendant John Doe actions to take actions to curb the physicasl abuse of the plaintiff violated the plaintiff's right's under the Eighth Amendment to the United States Constitution and constitued an assault and battery under state law.

Seventh Defendant:
**Name:** Bruce Davis
Official position: Administrator
Place of employment: New Jersey State Prison

The failure of defendant Davis to take disciplinary action to curb the known pattern of Physical abuse of the plaintiff and inmates between the defendants listed as those who participated in the beating of the plaintiff constituted deliberate indifference, and contributed to and peoximately caused the above described violation of Eighth Amendment rights and assault and battery.'

Eighth Defendant:
Name: John Doe
Official position: Sergeant
Place of employment: New Jersey State Prison

The failure of defendant John Doe to intervene to prevent physical force against plaintiff along with misuse of force which was done maliciously and sadisticaly and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

5. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

   ✓ Yes  ___ No

   If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

   Grievances from plaintiff to Administrator, Lieutenants, etc. I sought help, a investigation but there was never any Results, only threats of Retailiation.

   If your answer is "No," briefly explain why administrative remedies were not exhausted.

6. Statement of Claims

   (State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

   **(SEE ATTACHED:)**

From: Jason T. Sanders (857433)

New Jersey State Prison

P.O. BOX 861

Trenton, New Jersey

08625-0861

Date: April 4, 2022

## (STATEMENT OF CLAIMS)

### (ATTACHED STATEMENT OF FACTS OF ASSAULT & BATTERY)

1. On December 20, 2021 at 10:30am, plaintiff Sanders on the South 3DD-C Side telephone at his appointed phone time inside his cell: #24.

2. R. Williamson, who is a Officer at the New Jersey State Prison had the plaintiff's cell door opened, demanding the phone from Sanders which Sanders complied with but with caution, due to R. Williamson pass threats to do harm to Sanders for unknown reasons.

3. While Sanders is passing the phone to R. Williamson, who was in the tier hallway in front of Sanders cell received the phone, Ofc. R. Williamson started calling Sanders a "Stupid Nigger" and then said to Sanders: "Your a piece of shit nigger".

4. Sanders was offended by Ofc. R. Williamson racist comment, but did not attempt to hit or harm Ofc. R. Williamson.

5. Immediately after R. Williamson racial remarks, R. Williamson rushed at full force at Sanders, throwing closed fist punches, hitting Sanders in the Face, and Chest area, until Ofc. R. Williamson got Sanders into his cell, to avoid the hallway camera from seeing the upcoming violent actions against Sanders, who never tempted to retaliate.

6. While out of the view of the tier cameras, inside Sanders cell, Ofc. R. Williamson knocked Sanders down to the floor and started hitting Sanders in the face, then proceeded to kick Sanders in the face/head before turning Sanders over onto his stomach, handcuffing Sanders.

7. While Sanders is handcuffed Ofc.R.Williamson continued his violent attack against Sanders with more intense blows to the plaintiff's face,head,neck,,and back until the plaintiff Sanders lost consciousness,which caused Sanders who suffers from Epilepsy,to start having convulsions along with defecating on himself.

8. Plaintiff Sanders was awaken by Ofc.R.Williamson continued attack on Sanders by his punches and kicks.

9. Upon being awaken by kicks and punches to his head,the plaintiff Sanders heard unknown officers,saying"He's awake now!".This is when Sanders received even more intense blows to his head,face,and back while still handcuffed until the plaintiff Sanders lost consciousness for the second time,which began another epileptic seizure,causing Sanders to defecate on himself again.

10. Upon the plaintiff Sanders waking up after the horrific attack,Sanders could only see his attacker Ofc.R.Williamson,Sergeant Johnson,who was video recording this part of the attack,along with two Lieutenants(Names Unkown),another Sergeant(Name Unknown),and two other Officers.

11. The plaintiff Sanders was dragged to the prison Infirmary,which found Sanders unresponsive and incohearent to most questions by the Medical staff.

12. After Sanders was seen by the Infirmary Medical Staff,he was recommended to be sent to the Capital health Reginal Medical Center Trauma Unit by Ambulance.

13. Sanders was then taken to the prison garage with feces in his pants and pieces of feces falling down his legs onto the floor as he was been escorted to the holding cell,while awaiting for the Ambulance.

14. While in the holding Cell,Sergeant R.Orne told instructed Sanders to take his clothes off,to wipe himself of the feces that was still on the Plaintiff Sanders underwear,and pants.this was recorded by Sergeant Johnson as well.Sanders complied to the best of his ability and changed his clothes into new clothes.

15. Upon being transported in the Ambulance, the EMT's noticed that Sanders was o bleeding out of both of his ears, which was caused by the assault and battery by Ofc.R.Williamson.

16. The South 3DD C-Side camera's will be able to reveal the identities of All Unknown Officers that participated and neglected to de-escalate the situation or/and intervene in these unconstitutional act to prevent it.

17. Upon Sanders arrival to Capital Health Medical Center. Sanders was given a CT Scan, that revealed that the plaintiff Sanders received **SIX FRACTURES**, which is noted in Sanders Medical Records, and now is in need of multiple operations and and test by the Eye, Node, and Throat Doctors.

Respectfully Submitted *Jason Sanders*

Jason T.Sanders(857433G)                          Date: April 4,2022

New Jersey State Prison

P.O.BOX 861

Trenton,New Jersey

08625-0861

## (STATEMENT OF CLAIMS)

### (VIOLATION OF THE FOURTEENTH AMENDMENT,DUE PROCESS CLAUSE)

18. On December 20,2021,the plaintiff Jason T.Sanders was given two Disciplinary charges,a *002 Assaulting any person and a *306-Conduct which disrupts or interferes with the security or orderly running of the correctional facility,which was immediately dismissed,except charge *002.

19. The plaintiff was housed on housing unit 3DD,Cell#18.For unreported reason's,Sanders had words with Ofc.R.Williamson.Later that day,Ofc.Williamson returned to Sanders cell,hadf the cell door opened,confronted Sanders with racial slurs,then assaulted Sanders in front of video camera's in the hallway into the plaintiff's cell for estimated time of thirty-minutes,giving the reason of the immediate dismissal of charge *306.

20. At the initial hearing on January 10,2022,Sanders requested to review the video of the attack,for it witnessed and recorded the first initial violent acts by Ofc.R.Williamson towards the plaintiff Jason Sanders.Sanders denied ever hitting or attempting to hit Ofc.R.Williamson.Instead Sanders states,that he only had words with Ofc.R.Williamson.Not threat words.The heareing was continued to obtain the video recording.

21. In his report,Ofc.R.Williamson admits much of what Sanders says.Ofc.R.Williamson admits that he struck Sanders first.Ofc.R.Williamson does not assert that Sanders tried to hit him;he simply states that Sanders acted "Aggressively",whatever that is suppose to mean.Ofc.R.Williamson reported no injuries from the alleged assault,nor did he report to medical examination as required.Sanders Counsel Substitute (Law Library Paralegal) A.K.A.C/S argues that acting "aggressively" without specific,detailed behavior,is not sufficient for an officer to assault an inmate.

22. The hearing was resumed on January 19,2022,but the Hearing Officer A.K.A.Kristina Gonzalez had yet reviewed the video,so the hearing was postponed.Sanders and the C/S also requested to view the video.The Disciplinary Hearing Officer Gonzalez denied this requeust without explanation.Sanders C/S argued this was a violation of 10A:4-9.13,which permits an accused to present both evidence and call witnesses unless a security concern exists.It also denied Sanders the opportunity to present a full and complete defense based on the facts presented within the video itself.

23. When the hearing reconvened the next day,Sanders submitted a written statement for the record to ensure his position was fully presented.D.H.O.Gonzalez continued to deny both Sanders and his C/S the right to view the video of the incident.The D.H.O.Ms.Gonzalez did say that the video only showed what happened on the tier,and nothing could be seen of what happened within the cell.According to Sanders and Ofc.R.Williamson,the alleged incident occurred from front of the cell door into the cell.

24. The tier camera can identify the truth,that Ofc.R.Williamson struck Sanders first and that Sanders never attempted to hit Ofc.R.Williamson.

25. Because there is no neutral,reliable evidence to show what Sanders is alleged to have done;that Ofc.R.Williamson admits to that he struck Sanders first,and that Ofc.R.Williamson presented no injuries of an assault,not even redness of the skin,which would have been noticed.

26. The Counsel Substitute further argued that acting "aggressive"(with a complete lack of identified behavior),as in this case,is not sufficiently defined to support the charged prohibited act.

27. (D.H.O.) Ms.Gonzalez declined to dismiss the *002 (Assault),but dismissed the associated *306(Conduct that disrupts)charge,that because from the time of 10:30am-11am  time,the officer's were too busy beating Sanders viciouslyu to the point Sanders defecated on his self while having convulsions,due to having two seizures during the assault from Ofc.R.Williamson and other unknown officer's.

28. The plaintiff Jason Sanders challenged the findings of guilty by the Hearing Officer Ms.Kristina Gonzalez,because the N.J.A.C. 10A:4-9.15(a) requires,a finding of guilty at a disciplinary hearing shall be based upon substantial evidence [in the record] that the inmate committed a prohibited act.See also:<u>Avant v. Clifford</u>,67 N.J. 496,530 (1975) requiring there be substantial evidence to support an inmate disciplinary sanction.

29. In this matter,the plaintiff Sanders denies he never assaulted or even attempted to assault Ofc.R.Williamson.

30. Sanders further denies that he never threaten Ofc.R.Williamson or committed any other prohibited act.Sanders also argues that he was entitled to view the evidence against him.

31. Ms.Gonzalez states:that she had reviewed the video,but never supplied any basis for her decision to deny Sanders or the Counsel Substitue permission to view the video.Because neither Sanders or the C/S were ever permitted to view the video(s).

32. Plaintiff Jason T. Sanders was denied the opportunity to fully present his side,and point out various facts within the video that supports Sanders version of events.

33. The D.H.O.Ms.Kristina Gonzalez failed to substantiate the basis for her guilty findings on the record;again leaving an inadequate record for review.

34. How can a reviewing officer (or Court) determine whether a hearing officer's actions are justified if there is no detail within the record to establish a basis for her decision?

35. This too,is a violation of due process as it both denies a reviewing officer (court) of sufficient basis to examine this incident as well as leaving the record that is deficient of probable cause to support the guilty finding in the first place.

36. I plaintiff Jason T. Sanders filed an Appeal on 1/30/2022 and was received by the Assistant Superintendent Garyn Nathan, who is responsible for reviewing all administrative appeals of disciplinary charges filed by New Jersey State Prison inmates. Pursuant to prison procedure, the plaintiff filed an appeal with defendant Garyn Nathan, pointing out numerous Right of Due Process violations, such as him nor the Substitute Counsel was denied to call any witnesses, view the video, which is a violation of 10A:4-9.13, which permits an accused to present both evidence and call witnesses unless a security concern exists. It also denied the plaintiff Jason Sanders the opportunity to present a full and complete defense based on the facts presented within the video itself. Defendant Garyn Nathan denied the plaintiff's appeal.

37. I Plaintiff Jason T. Sanders request that the guilty findings for Prohibited Act *002, (Assault) be dismissed and expunged from my records due to a lack of sufficient credible evidence in the record. Pursuant to prison procedure, I was denied the right to view the evidence against me as well as the Substitute Counsel allowed to view the evidence against me, therefore violating the Right to due process law in violation of the Fourteenth Amendment to the United States Constitution.

Respectfully Submitted by *Jason T. Sanders*

process

7. Relief

   (State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

   WHEREFORE, plaintiff request that the court grant the following relief
   A. Issue a declaratory judgment stating that:
   1. The physical abuse of the plaintiff by defendant R.Williamson, and "John Doe" defendants violated the plaintiff's rights under the Eighth Amendment to the United States Constitution

4. The actions of Correctional Lieutenant John Doe failure to take actions to intervene in the physical abuse by his subordinates towards plaintiff violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

5. Defendant Sergeant Johnson failure to intervene in the physical abuse by his subordinates towards the plaintiff violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under stae law.

6. The actions of defendant R.Williamson and unknown defendants in using physical force against the plaintiff without need or provocation or in failing to intervene to prevent the misuse of force were done maliciously and sadistically and constitued cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. The actions of defendant R.Williamson and John Doe defendants in using physical force against the plaintiff without need or provocation constituted the tort of assault and battery under state law.

B. Issue an injunction ordering defendant Garyn Nathan to;
   1. Expunge the disciplinary convictions described in this complaint from the plaintiff's institutional record.
C. .Award compensatory damages in the following amounts:
   1. $50,000,jointly and severally against defendants R.Williamson and John Doe defendants for the physical and emotional injuries sustained as a result of the plaintiff's beating.
   2. $5.000 jointly and severally against defendants Gonzalez and Nathan for the punishment and emotional injuries resulting from their denial of due process in connection with plaintiff's disciplinary proceeding.
D. Award punitive damages in the following amounts:
   1. $5,000 each against defendants Davis, Johnson,Williamson,Nathan, Gonzalez,John Doe Officers,John Doe (2)Lieutenants (john Does)
E. **Grant such other relief,as it may appear that plaintiff is entitled.**

and constituted an assault and battery under state law.

2. Defendant Bruce Davis failure to take action to curb the physical abuse of prisoners violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

3. Defendant Gonzalez action in conducting the plaintiff's disciplinary hearing, and defendant Nathan actions in sustaining it, violate the plaintiff's rights under the due process clause of the Fourteenth Amendment to the United States Constitution.

**Continue on next page—**

8. Do you request a jury or non-jury trial? (Check only one)

   J.S, (✓) Jury Trial  ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __4__ day of __April__, 20__22__

_Jason T. Sanders_
Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).