## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON T. SANDERS, | Civil Action No. 22-2235 (MAS) (RLS) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Jason T. Sanders's application to proceed *in forma pauperis* (ECF No. 1-3) and the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) Also before the Court is Plaintiff's motion seeking appointed counsel. (ECF No. 2.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application is therefore granted. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips*

*v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff alleges that on December 20, 2021, he was assaulted by Defendant R. Williamson, a corrections officer at New Jersey State Prison. (ECF No. 1 at 10.) According to Plaintiff, Williamson threatened and insulted him while retrieving a phone, then proceeded to "rush[] at full force" at Plaintiff, only to repeatedly punch, hit, and strike Plaintiff after the two ended up in Plaintiff's cell. (*Id.*) Williamson then flipped Plaintiff onto his stomach, handcuffed him, and continued to strike him. (*Id.* at 10-11.) Plaintiff apparently lost consciousness

and suffered an epileptic seizure.  (*Id.* at 11.)  When Plaintiff awoke, he saw Williamson and additional officers, including Sergeant Johnson, another sergeant, two Lieutenants, and two other officers.  (*Id.*)  Plaintiff was taken to the prison infirmary for medical treatment and ultimately transferred to the hospital.  (*Id.* at 11-12.)  Plaintiff received disciplinary charges for assaulting Williamson and disruptive conduct.  (*Id.* at 13.)  Plaintiff's disruptive conduct charge was dismissed, but he was found guilty by prison disciplinary staff of the assault charge.  (*Id.* at 13-14.) Petitioner appealed, but his charges were upheld.  (*Id.* at 16.)  It is not clear what, if any, punishments were imposed as a result.

Plaintiff's complaint seeks to raise excessive force claims against Defendant Williamson and unspecified officers who may have also been involved in the alleged attack upon him, a supervisory relief claim against the prison administrator premised on the assault, failure to protect claims against the other officers who were present when he awoke, and Due Process claims against the hearing officer and the official who decided his appeal as he believes they denied him Due Process at his prison disciplinary proceedings.  Having reviewed the complaint, this Court finds no basis for dismissing the excessive force claim against Defendant Williamson in his individual capacity, and will permit that claim to proceed at this time.

In addition to Williamson, Plaintiff also seeks to raise his excessive force claim against other unknown officers who *may* have been involved in the attack and against the prison administrator who Plaintiff feels should be liable for the beating in a supervisory capacity.  In order to plead a plausible claim for relief under § 1983, a plaintiff must plead facts which, if proven, would show that the named defendants had personal involvement in the alleged wrongs.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  A supervisor or employer may not be held vicariously liable for the actions of his subordinates.  *See, e.g., Chavarriaga v. N.J. Dep't of Corr.,*

806 F.3d 210, 222 (3d Cir. 2015).  Where the allegations are targeted at supervisory officials, a plaintiff seeking to show personal involvement must normally plead facts indicating that the supervisor knew of and acquiesced in the alleged wrong, was directly involved in the wrong, or put into place a policy, custom, or practice which caused the constitutional violation alleged.  *Id.*; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  Here, Plaintiff fails to plead that anyone other than Williamson was directly involved in the attack upon him, and has not pled that Administrator Davis was aware of, involved in, or responsible for the alleged attack. Plaintiff has thus failed to plead that anyone other than Williamson was personally involved in the excessive force incident, and that claim is therefore dismissed without prejudice as to Defendant Davis and the John Doe Defendants.

Plaintiff next attempts to plead a claim for a failure to intervene and protect him from the attack by Williamson against the Sergeants, Lieutenants, and Officers present when he awoke.  To plead a claim for failure to protect in violation of the Eighth Amendment, a plaintiff must plead facts showing he was "incarcerated under conditions posing a substantial risk of serious harm" and that the officer was "deliberately indifferent" to that risk of harm.  *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012).  An officer will only be deliberately indifferent where he knew of and disregarded a known risk of serious harm.  *Belt*, 336 F.3d at 438.  A failure to intervene claim has similar requirements – the plaintiff must plead facts indicating that the officer had a "realistic and reasonable opportunity to intervene" and "simply refused to do so." *Bistrian*, 696 F.3d at 271; *Smith*, 293 F.3d at 650-51.  Here, Plaintiff pleads only that these officers were present when he awoke following his seizure, and took him to the medical department for treatment.  He does not plead facts clearly indicating they were present before or during the alleged

assault, or that they had a realistic opportunity to intervene and prevent or end the assault.  As such, Plaintiff has failed to plead a plausible failure to protect or intervene claim against these Defendants, and his failure to protect/intervene claims are therefore dismissed without prejudice.

In his final series of claims, Plaintiff alleges that the hearing officer and assistant administrator who decided his prison disciplinary hearing and appeal denied him Due Process.  In order to show that he was denied Due Process in a prison disciplinary hearing, Plaintiff must plead facts indicating that he had a federally protected liberty interest in the outcome of the hearing. *Poole v. Mercer Cnty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012); *see also Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010); *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002).  Because placement in restrictive housing "does not present a dramatic departure from the basic conditions" of prison confinement, such a placement alone will not give rise to a federally protected liberty interest.  *See, e.g., Sandin v. Conner*, 515 U.S. 472, 485-86 (1995).  Here, Plaintiff does not plead that he received any sanctions, or any facts which would suggest that he had a protected liberty interest in the outcome of his disciplinary proceedings – he has not pled that he lost any good time or other prison credits, or that he received any other punishment beyond a restrictive housing placement insufficient to warrant Due Process protections.  As such, Plaintiff has failed to plead facts sufficient to support a claim for a denial of Due Process, and his disciplinary claims must be dismissed without prejudice at this time.

In addition to the claims discussed above, Plaintiff seeks to raise claims against Williamson in his official capacity as well as his individual capacity, and names as Defendants in the caption of his complaint the State of New Jersey and the New Jersey Department of Corrections, although he raises no clear claims against those entities.  Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts." *Christ the King Manor, Inc. v. Sec'y U.S.*

*Dep't of Health and Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).  This immunity from suit extends not only to the State itself, but also to its agencies and arms including its prisons and department of corrections.  *See, e.g., Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013).  As "a suit against a state official in his or her *official* capacity is not a suit against the official but rather is a suit against the official's office," state officials are likewise immune under the Eleventh Amendment for claims seeking damages against them in their official capacities.  *Id.* (quoting *Will v. Mich. Dep't of State Pol.*, 491 U.S. 58, 71 (1989)).  As the State of New Jersey, the New Jersey Department of Corrections, and Defendant Williamson in his official capacity are therefore all immune from suit in this matter, Plaintiff's claims against the State, Department, and Williamson in his official capacity must be dismissed with prejudice.

Finally, Plaintiff has filed a motion seeking appointed counsel in this matter.  (ECF No. 2.) Plaintiff argues that he should receive counsel as he is currently in punitive segregation, has no funds to hire an attorney, and does not believe he can adequately present his claims to the Court. (*Id.*)  Although plaintiffs have no right to the appointment of counsel in civil matters, this Court has wide discretion to appoint counsel where the Court finds that the appointment of counsel is warranted.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  In considering whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where an indigent plaintiff presents meritorious claims, the Court must weigh various factors to determine whether the appointment of counsel is warranted.  *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45.  Those factors include the litigant's ability to present his case, the

complexity of the legal issues involved, the degree to which factual investigation will be necessary and the plaintiff's ability to conduct such an investigation, the litigant's ability to retain counsel on his own behalf, the extent to which the case turns on credibility, and whether expert testimony will be required to resolve the case. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. This list of factors is not exhaustive, and this Court is free to consider any other relevant factors in making its determination. *Montgomery*, 294 F.3d at 499.

Plaintiff's complaint presents only a single plausible claim, specifically an excessive force claim against Williamson. That claim is entirely straightforward, is not complex, has been ably presented by Plaintiff, will likely require only minimal discovery, especially if Plaintiff's assertion that there is video evidence of the alleged assault available, and is unlikely to require expert testimony. In light of these facts, this Court finds that the appointment of counsel is not warranted at this time, notwithstanding Plaintiff's indigence and inability to afford private counsel. Plaintiff's motion (ECF No. 2) is therefore denied without prejudice.

**IT IS THEREFORE** on this 11th day of May, 2022, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-3) is **GRANTED**;

2. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of New Jersey and the warden of New Jersey State Prison;

3. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or

closed, § 1915 does not suspend installment payments of the filing fee or permit refund

to the prisoner of the filing fee, or any part of it, that has already been paid;

4.  Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for

more than one court case, whether to a district or appellate court, under the Prison

Litigation Reform Act (PLRA) provision governing the mandatory recoupment of

filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20%

deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*,

Plaintiff would be subject to a 40% deduction if there are two such cases, a 60%

deduction if there are three such cases, etc., until all fees have been paid in full;

5.  Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account

exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from

Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the

preceding month's income credited to Plaintiff's account, in accordance with *Bruce*,

until the $350.00 filing fee is paid. Each payment shall reference the civil docket

numbers of the actions to which the payment should be credited;

6.  Plaintiff's excessive force claim shall **PROCEED** against Defendant Williamson in his

individual capacity only at this time;

7.  Plaintiff's official capacity claim against Defendant Williamson is **DISMISSED**

**WITH PREJUDICE**;

8.  Plaintiff's claims against the State of New Jersey and the Department of Corrections

are **DISMISSED WITH PREJUDICE**;

9.  Plaintiff's claims against the remaining Defendants are **DISMISSED WITHOUT**

**PREJUDICE**;

10. The Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for Defendant Williamson;

11. Plaintiff shall complete the form and return it to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608;

12. Upon Plaintiff's sending of the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendant Williamson pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States;

13. Defendant Williamson shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2);

14. Plaintiff's motion seeking appointed counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE**; and

15. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE